**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **KATHLEEN T. PITCHFORD,** | : | **Bankruptcy No. 08-28221-MBM** |
| Debtor. | : | **Chapter 7** |

........................................................................:................................................................

| | | |
|---|---|---|
| **Smithfield Trust Company,** | : | |
| Movant, | : | |
| | : | |
| v. | : | **Related to Doc. No. 25** |
| | : | |
| **Kathleen T. Pitchford**, | : | |
| Respondent. | : | |

........................................................................:................................................................

| | | |
|---|---|---|
| **Kathleen T. Pitchford,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Adversary No. 09-2140-MBM** |
| | : | |
| **Smithfield Trust Company**, | : | |
| Defendant. | : | |

| | |
|---|---|
| Appearances: | E.J. Strassburger and Jean E. Novak, for Smithfield Trust Company. |
| | Michael J. Henny, for Kathleen T. Pitchford. |

### <u>MEMORANDUM OPINION</u>

Smithfield Trust Company (hereafter "Smithfield") moves for relief from the automatic stay in the instant bankruptcy case (Doc. No. 25) so that it may then pursue to completion a request for a constructive trust that it made in a proceeding that it commenced pre-petition in the Pennsylvania Court of Common Pleas, Allegheny County, Orphans Court Division (hereafter "the Orphans Court"). Smithfield has requested in such proceeding in the Orphans Court that a constructive trust be impressed, in particular, upon the personal residence of Kathleen Pitchford, the instant debtor (hereafter "the Debtor").

The Debtor opposes Smithfield's stay relief motion on the ground that such stay relief would be futile if it were granted.  The Debtor contends that a grant of such stay relief would be futile because, if such stay relief were granted and then Smithfield were successful in obtaining the constructive trust that it seeks upon the Debtor's personal residence, then, contends the Debtor, such constructive trust would constitute a preferential transfer which the Debtor would, in turn, then avoid pursuant to 11 U.S.C. § 547.  The Debtor has commenced the above-captioned adversary proceeding in the instant bankruptcy case (Adversary No. 09-2140) so that it may formally pursue its position that any constructive trust that might be imposed by the Orphans Court would constitute an avoidable preferential transfer.

For the reasons that are set forth below, the Court (a) holds that the constructive trust that Smithfield seeks to obtain upon the Debtor's personal residence will not, if so obtained, constitute an avoidable preferential transfer, (b) shall accordingly enter judgment in Smithfield's favor and against the Debtor in Adversary No. 09-2140, and (c) shall grant to Smithfield relief from the automatic stay (Doc. No. 25) so that Smithfield may pursue to completion the request for a constructive trust that it has made in the Orphans Court.

## STATEMENT OF FACTS

On June 13, 2006, Smithfield was appointed guardian of the estate of John E. Connelly (hereafter "Connelly"), who, in turn, had been adjudicated an incapacitated person on March 27, 2006.  On or about July 11, 2007, Smithfield filed in the Orphans Court a Petition To Rescind Purported Gifts, To Impose

2

Constructive Trust, And For Restitution Against Kathleen Pitchford (i.e., the

Debtor) (hereafter "the Petition to Rescind").  The Petition to Rescind sought,

*inter alia*, (a) the repayment of $237,344.55 in purported gifts that Connelly had

made to the Debtor during the first seven months of 2005, and (b) the imposition

of a constructive trust upon the Debtor's personal residence (hereafter "the

Debtor's Residence").

On or about August 15, 2007, Smithfield indexed the action against the

Debtor that it had commenced by way of the Petition to Rescind as a *lis pendens*

against the Debtor's Residence in the office of the Prothonotary of Allegheny

County at No. GD 07-17472.  On November 10, 2008, after a hearing, the

Orphans Court ruled that (a) "Connelly was incapacitated at the time the

purported gifts were made," and (b) the Debtor should repay $237,344.55 to the

Estate of Connelly (hereafter "Connelly's Estate").  In the November 10, 2008

Orphans Court Order, however, the Orphans Court failed to address Smithfield's

request for the imposition of a constructive trust upon the Debtor's Residence.

The basis for Smithfield's constructive trust request is that, included in the

$237,344.55 of payments made by Connelly to or on behalf of the Debtor that the

Debtor was then ordered by the Orphans Court to repay to Connelly's Estate is a

$100,000 payment that Connelly made on the Debtor's behalf to the Tri-Boro

Credit Union on June 8, 2005.  Such $100,000 payment was made to satisfy in

full an existing loan that the Debtor owed to the Tri-Boro Credit Union, which loan

was collateralized by a mortgage on the Debtor's Residence.  Therefore, as the

Court understands it, Smithfield seeks the imposition of a constructive trust upon

3

the Debtor's Residence as a remedy for $100,000 of the $237,344.55 judgment that Smithfield obtained in the Orphans Court.

On or about November 25, 2008, Smithfield timely filed an exception to the November 10, 2008 Orphans Court Order, whereby Smithfield sought an amendment of such order so that it would include the imposition of the aforesaid constructive trust (hereafter "the Exception").  Oral argument on the Exception was scheduled in the Orphans Court for December 11, 2008.  The Debtor filed for bankruptcy on December 9, 2008, thereby staying further Orphans Court proceedings by operation of law.  The Exception is the only matter that remained for consideration by the Orphans Court when proceedings therein were stayed on December 9, 2008; disposition of the Exception would require nothing more than oral argument and a decision thereon by the Orphans Court.

In addition to the constructive trust that Smithfield seeks to have imposed on the Debtor's Residence, Citizen's Bank (hereafter "Citizens") has a mortgage on such realty, which mortgage Citizens recorded on November 1, 2007.  The Debtor owed $54,695.15 on the loan secured by such mortgage as of December 9, 2008.

The parties disagree as to the fair market value of the Debtor's Residence. Smithfield contends that such realty is worth $120,000, while the Debtor maintains that it is worth more like $77,000.  While the parties quarrel as to the true fair market value of the Debtor's Residence, both parties agree that such fair market value is (a) sufficient to satisfy Citizens' mortgage entirely, as well as some portion of any constructive trust that Smithfield might obtain, in the event

4

that Citizens' encumbrance has priority over such constructive trust of Smithfield,

(b) insufficient to satisfy both Citizens' mortgage and the $100,000 portion of

Smithfield's $237,344.55 Orphans Court judgment that Smithfield proposes to

remedy by way of a constructive trust, in the event that Smithfield's potential

constructive trust has priority over the encumbrance of Citizens, and (c)

insufficient to fund any bankruptcy exemption for the Debtor in the event that

Smithfield obtains a constructive trust upon such realty.  Therefore, the issue of

whether Smithfield is entitled to have a constructive trust impressed upon the

Debtor's Residence must be resolved in order to fully administer the Debtor's

bankruptcy case.  If Smithfield is successful in obtaining the constructive trust

that it seeks, then the Court will have to determine who has priority as between

Smithfield and Citizens regarding their respective property interests; however,

such potential dispute need not be further considered at this time and, therefore,

Citizens need not be made a party to either Smithfield's stay relief motion (or, for

that matter, Smithfield's request in the Orphans Court for a constructive trust) or

the Debtor's preference action against Smithfield.

### **DISCUSSION**

Smithfield contends that (a) a prior case in which this Court has ruled – In

re Aultman, 223 B.R. 481 (Bankr.W.D.Pa. 1998) – is factually indistinguishable

from the instant matters before this Court, (b) this Court's prior decision in

Aultman should thus control the outcome of such instant matters, and (c)

Aultman supports Smithfield's position that any constructive trust that it might

obtain in the Orphans Court will not constitute an avoidable preference.  The

5

Debtor does not disagree with this Court's decision in <u>Aultman</u>, or that <u>Aultman</u> is, for the most part, factually indistinguishable from the instant matters. However, the Debtor distinguishes <u>Aultman</u> from the instant matters on the basis that, in <u>Aultman</u> on the one hand, the party who obtained the constructive trust therein obtained the same by way of a state court judgment that preceded the commencement of the bankruptcy case therein, whereas in the instant matters on the other hand, Smithfield has yet to obtain, and thus can no longer obtain pre-petition, its constructive trust.  The Court agrees that the foregoing distinction between <u>Aultman</u> and the instant matters that the Debtor identifies does indeed exist.  Unfortunately for the Court, the Debtor inexplicably fails to apprise the Court as to the relevance of such distinction.

In <u>Aultman</u> the Court first held that, as a matter of Pennsylvania state law, "constructive trusts arise when the facts giving rise to the fraud or wrong occur, which fraud or wrong constitutes the basis for impression of the constructive trust." <u>Aultman</u>, 223 B.R. at 483.  Thus, the date upon which a constructive trust is legally deemed to arise relates back in time to when the facts giving rise to such fraud or wrong occur.  Applying the foregoing law to the instant matters, if the Orphans Court ultimately imposes a constructive trust upon the Debtor's Residence, such constructive trust will be legally deemed to have arisen as of June 8, 2005, which date is when Connelly made the $100,000 payment on the Debtor's behalf to the Tri-Boro Credit Union so as to satisfy in full the mortgage that existed on the Debtor's Residence.

The Court subsequently held in <u>Aultman</u>, with respect to bankruptcy law

6

regarding preferential transfers under § 547 in particular, that (a) the property

that is the subject of a constructive trust is, as a matter of law, never legally

transferred back by a debtor to the beneficiary of such constructive trust when

such constructive trust is deemed to have arisen – or, for that matter, when such

constructive trust is judicially imposed – because such debtor is deemed to have

never owned the equitable interest in such property in the first place, *see*

Aultman, 223 B.R. at 485-486, (b) a "transfer" for purposes of § 547(b) thus

never occurs by way of the imposition of a constructive trust, *see* Id. at 486, and

(c) even if a transfer back by such debtor of such equitable interest is deemed to

have occurred by way of such constructive trust, such transfer is not, as is

required for an action under § 547(b), "of an interest of the debtor in [such]

property," *see* Id.  Therefore, for purposes of a preference analysis, it does not

even matter at what point pre-petition when a constructive trust is legally deemed

to have arisen; whether a constructive trust is deemed to arise within 90 days of

the bankruptcy petition filing date, or is deemed to arise outside of the 90-day

period prior to the bankruptcy petition filing date, the imposition of such

constructive trust will never satisfy all of the elements for a preference action,

which means that the same can never constitute a preferential transfer under

§ 547.  Applying the foregoing law to the instant matters, if Smithfield ultimately

obtains the constructive trust that it seeks upon the Debtor's Residence, the

same will not constitute a preferential transfer under § 547.

The Court holds, moreover, that, even if the imposition by the Orphans

Court of a constructive trust upon the Debtor's Residence were to constitute a

7

"transfer" within the meaning of § 547(b), and were to constitute, as well, a

"transfer of an interest of the [D]ebtor in [such] property" for purposes of § 547(b),

such imposition of such constructive trust would still not constitute a preferential

transfer under § 547.  The Court so holds ultimately because of the *lis pendens*

that Smithfield obtained on August 15, 2007.  More particularly, if such imposition

of such constructive trust were to constitute such a transfer, such transfer would,

pursuant to 11 U.S.C. § 547(e)(1)(A), have been perfected by Smithfield as of

August 15, 2007, when such *lis pendens* was obtained because, by virtue of

such *lis pendens*, a bona fide purchaser could not thereafter have obtained an

interest in the Debtor's Residence superior to Smithfield's constructive trust in the

same, *see* Aultman, 223 B.R. at 486-487 (because of pre-petition *lis pendens*

filing, constructive trust beneficiary primed – i.e., trumped – any bona fide

purchaser of property that was the subject of such constructive trust).  *See* In re

Medlin, 229 B.R. 353, 357-358 (Bankr.E.D.N.C. 1998) (judgment lien transfer

was perfected for preference purposes, pursuant to § 547(e)(1)(A), when *lis*

*pendens* was obtained); In re Carlson, 177 B.R. 645, 647-648 (Bankr.Neb. 1995)

(same); In re Lane, 980 F.2d 601, 605 (9th Cir. 1992) (same); In re Turetsky, 402

B.R. 663, 666 (Bankr.W.D.Pa. 2009) (perfection of equitable mortgage occurred

when *lis pendens* was obtained).  Continuing on, such transfer would, pursuant

to 11 U.S.C. § 547(e)(2)(B), have been made on August 15, 2007, that is, "at the

time such transfer [wa]s perfected," because such transfer was perfected more

than 30 days after June 8, 2005, which date, as set forth above, is when such

transfer would be deemed to have taken effect between Smithfield and the

8

Debtor.  *See* In re Gruseck & Son, Inc., 385 B.R. 799, 2008 WL 1756243 at 8

(6th Cir.B.A.P. 2008) ("even though the actual transfer was the creation of the

mortgage in 2002, the transfer[, pursuant to § 547(e)(2)(B),] is deemed to have

occurred, for preference purposes, when perfected in November 2005");

Turetsky, 402 B.R. at 665-666 (transfer of equitable mortgage took effect on May

30, 2006, but because such transfer was perfected more than 30 days later on

November 21, 2006, such transfer was made, for preference purposes, on

November 21, 2006).  Because August 15, 2007, the date of such transfer, would

fall outside the 90-day period prior to December 9, 2008, which date is when the

instant bankruptcy case was commenced, such transfer would not satisfy the

preference element contained in § 547(b)(4)(A) and, thus, would not constitute a

preferential transfer under § 547(b).  *See* Medlin, 229 B.R. at 358 & 360 (similar

application of § 547); In re Farnsworth, 384 B.R. 842, 848 (Bankr.D.Ariz. 2008)

(same); Carlson, 177 B.R. at 648 (same); Turetsky, 402 B.R. at 666 (same).

 In light of the foregoing analysis, the Court must hold that the distinction

between the instant matters and Aultman that the Debtor seizes upon is

irrelevant, at least with respect to the issue of whether any constructive trust that

Smithfield might obtain in the Orphans Court will constitute an avoidable

preference.  Based upon the foregoing analysis, which analysis is reliant in part

upon Aultman but which analysis is also reliant upon a ground not even reached

in Aultman (i.e., the 90-day period issue raised by § 547(b)(4)(A)), any

constructive trust that Smithfield might obtain in the Orphans Court will not

constitute an avoidable preference.

9

Because the Court finds the foregoing analysis to be very straightforward, if not terribly obvious, the Court suspects that what the Debtor means to argue by curiously raising the distinction between the instant matters and <u>Aultman</u> that she seizes upon is that, since Smithfield has yet to obtain, and thus can no longer obtain pre-petition, its constructive trust, it is now forever foreclosed from gaining such constructive trust by virtue of the intervention of the Debtor's bankruptcy. To the extent that the Debtor so argues, however, she is mistaken.  The general rule that the intervention of bankruptcy operates to cut off one's right to pursue a pre-petition claim for an interest, such as a constructive trust, in property that is owned – or that is purportedly owned – by a debtor, must, the Court concludes, emanate from the operation of provisions in the Bankruptcy Code; the Court so rules because it cannot accept the alternative, namely that through the "magic" of bankruptcy, such rights are cut off.  The only provisions in the Bankruptcy Code that the Court can discern might operate to cut off such rights are (a) those provisions that grant to a bankruptcy trustee or a debtor various powers to avoid transfers or transactions (i.e., 11 U.S.C. §§ 522(f), 544, 545, 547, 548, and 549), and (b) 11 U.S.C. § 362(a), that is the Bankruptcy Code provision that imposes the automatic stay.

Looking first at the avoidance provisions of the Bankruptcy Code, the Court first notes that courts routinely permit one post-petition to pursue a pre-petition claim for an interest in property that is owned by a debtor – that is, such courts essentially rule that the intervention of bankruptcy does not operate to cut off one's right to pursue the same – provided that such property right, if it were

10

obtained, would not be avoidable in bankruptcy.  *See* Medlin, 229 B.R. at 356

(stay relief granted so that claimant can obtain judgment and judgment lien

against debtor therein); Farnsworth, 384 B.R. at 845-846 & 851 (same);

Turetsky, 402 B.R. at 665-666 (the Court granted an equitable mortgage to

claimant post-petition after determining that such property interest could not be

avoided in bankruptcy); In re General Coffee Corp., 828 F.2d 699 (11th Cir.

1987) (court permitted claimant to obtain a constructive trust post-petition, which

constructive trust, such court held, could not be avoided in bankruptcy).  The

Court, as set forth above, has already determined that any constructive trust that

Smithfield might obtain in the Orphans Court would not be avoidable under

§ 547.  The Court can also quickly rule out §§ 545 and 548 because any such

constructive trust would not constitute, respectively, either a statutory lien or a

fraudulent conveyance.  The post-petition transaction avoidance provision of

§ 549 would also not be available to avoid such constructive trust because, if

such constructive trust is obtained by Smithfield, then (a) the Debtor's Residence

– or, more accurately, the equitable interest in such realty – would legally be

deemed not to constitute property of the Debtor's bankruptcy estate pursuant to

11 U.S.C. § 541(d),[1] *see* Aultman, 223 B.R. at 484 (property that is the subject of

a constructive trust, which constructive trust is legally deemed to have arisen pre-

petition, does not constitute property of a debtor's bankruptcy estate pursuant to

§ 541(d)), and (b) any transfer that might arguably be deemed to have taken

---

[1]Bare legal title would be all that the Debtor's bankruptcy estate would
own, which legal title is worthless to such estate.  *See* Aultman, 223 B.R. at 484.

place by way of the imposition of such constructive trust would, as set forth

above, have occurred, by virtue of the relation back principle, well before the

commencement of the instant bankruptcy case.  Moving on to § 544, the Court

has previously ruled that (a) § 544(a)(1) cannot be utilized to avoid a constructive

trust gained under Pennsylvania law, *see* Id. at 486, and (b) § 544(a)(3) also

cannot be so utilized provided that the constructive trust beneficiary has obtained

a *lis pendens* pre-petition that is itself unavoidable in bankruptcy, *see* Id. at 486-

487.  Applying the foregoing rule regarding § 544(a)(3) to the instant matter,

Smithfield obtained its *lis pendens* well prior to the 90-day period preceding

commencement of the instant bankruptcy case, which means that (a) such *lis

pendens* is not avoidable in bankruptcy, and (b) § 544(a)(3) could not be utilized

to avoid any constructive trust that Smithfield might obtain in the Orphans Court.

Finally, § 522(f) could not be utilized to avoid any constructive trust that

Smithfield might obtain in the Orphans Court because (a) a constructive trust

does not constitute a lien, *see* George Gleason Bogert, et al., The Law of Trusts

and Trustees § 32 (Thomson Reuters 2009) (the concepts of equitable lien and

constructive trust "are not identical, however, and their use can produce different

practical consequences"); General Coffee Corp., 828 F.2d at 706 ("Although it is

difficult to define a constructive trust precisely, it is not an equitable lien"

because, among other things, "[a] constructive trust beneficiary ... possesses an

equitable ownership interest in the trust property, which is substantively different

than an equitable lien against the property"), which necessarily means that it

cannot constitute a judicial lien that could be avoided under § 522(f)(1)(A), and

12

(b) even if such constructive trust were to constitute a judicial lien, the property that would be the subject of such constructive trust – i.e., the equitable interest in the Debtor's Residence – would, as set forth above, be legally deemed (i) to have constituted Smithfield's property, rather than that of the Debtor, at the time when such constructive trust arose, and (ii) to consequently have not constituted – although § 522(f)(1) requires that it would have constituted – "an interest of the [D]ebtor in property" as of the date when the instant bankruptcy case was commenced, *see* 11 U.S.C.A. § 522(f)(1) (West 2009); In re Sheckard, 394 B.R. 56, 63-65 (E.D.Pa. 2008) ("As long as the lien existed when the debtor petitioned for bankruptcy and was attached to an interest of the debtor at that time, the debtor could move to avoid under § 522(f)(1)").  Therefore, any constructive trust that Smithfield might obtain in the Orphans Court will not be avoidable under any provision of the Bankruptcy Code; such conclusion, by itself, constitutes a strong basis for permitting Smithfield post-petition to pursue the constructive trust that it seeks to have imposed on the Debtor's Residence.

As for the automatic stay imposed in the instant bankruptcy case, the Court recognizes that it could simply refuse to grant relief therefrom, thereby effectively barring Smithfield from ever obtaining its constructive trust in the Orphans Court.  The Court recognizes as well that it could then also refuse itself to entertain Smithfield's claim for such constructive trust.  However, such action by the Court would only be proper (a) if Smithfield, with respect to its stay relief motion, fails to demonstrate cause for such stay relief, and (b) if the Court, with respect to its refusal itself to entertain Smithfield's constructive trust claim, had a

13

valid basis for such refusal.  The Court contrarily concludes that Smithfield has

certainly demonstrated cause for someone – either this Court or the Orphans

Court – to entertain Smithfield's constructive trust claim at this time.  Such cause

exists given the Court's conclusion, as set forth above, that, if Smithfield is

successful in obtaining its constructive trust, then the Debtor's Residence – or,

more accurately, the equitable interest in such realty – will legally be deemed to

not even constitute property of the Debtor's bankruptcy estate pursuant to 11

U.S.C. § 541(d).  Given the foregoing conclusion, the Court must learn whether

the Debtor's Residence should be subjected to a constructive trust before it can

allow (a) the Debtor to exempt, via her bankruptcy, some portion of the Debtor's

Residence, as the Debtor proposes to do, and (b) the Debtor's general

unsecured creditors to reach the remainder of such realty to satisfy their claims

pro rata.  Were the Court to do otherwise, that is simply dispense with such

determination and permit the Debtor and her general unsecured creditors to

essentially feed from the value that exists in the Debtor's Residence, and if it truly

were the case that such realty did not constitute property of the Debtor's

bankruptcy estate, then the Court would thereby be permitting the Debtor and her

general unsecured creditors to inappropriately obtain for themselves a windfall,

one which not only would they not then be entitled to but also one which is

entirely at odds with the policy that underlies § 541(d) of the Bankruptcy Code.

*See* In re Winkle, 128 B.R. 529, 533-535 (Bankr.S.D.Ohio 1991) (observing, at

note 3, that "'Congress did not mean to authorize a bankruptcy estate to benefit

from property that the debtor did not own,'" and also holding that the "imposition

14

of a constructive trust upon certain assets held by the debtors comports with

bankruptcy philosophy[, to wit 't]he Bankruptcy Act simply does not authorize a

trustee to distribute other people's property among a bankrupt's creditors'")

Therefore, the Court concludes that the automatic stay in the instant bankruptcy

case should not operate such that it permanently bars Smithfield post-petition

from pursuing the constructive trust that it seeks to have imposed on the Debtor's

Residence; the Court notes, as well, that other courts have granted stay relief

under similar circumstances to allow a creditor post-petition to pursue an interest

in property of a debtor, see Medlin, 229 B.R. at 356 (stay relief granted so that

claimant can obtain judgment and judgment lien against debtor therein) & 229

B.R. at 358 n.2 ("If Hartford held only the unavoidable *lis pendens* on the petition

date, it would be free to seek relief from the automatic stay, obtain judgment, and

execute upon any resulting lien"); Farnsworth, 384 B.R. at 845-846 & 851

(same).

In light of all of the foregoing, the intervention of the Debtor's bankruptcy

before Smithfield could obtain its constructive trust in the Orphans Court does not

operate to preclude Smithfield from post-petition pursuing such constructive trust.

The last question to be answered by the Court is in which forum Smithfield's

constructive trust claim will be litigated, that is whether this Court will decide such

claim or whether this Court will, instead, grant relief from stay so that Smithfield

can return to the Orphans Court to pursue such claim.

The Court determines that it shall grant relief from stay so that Smithfield

can return to the Orphans Court to pursue its constructive trust claim or, more

accurately, so that Smithfield can have the Orphans Court finally rule on the

Exception, whereby Smithfield seeks to have the November 10, 2008 Orphans

Court Order amended so that it will include the imposition of the constructive trust

that is sought by Smithfield.  The Court concludes that stay relief is appropriate

because (a) Smithfield, as set forth above, has established cause for such stay

relief (i.e., this Court's need to determine whether the Debtor's Residence

constitutes property of the Debtor's bankruptcy estate or, instead, does not

constitute bankruptcy estate property pursuant to § 541(d)), (b) the issue of

whether Smithfield should get its constructive trust can be resolved much more

expeditiously in the Orphans Court, and (c) it is eminently more fair to the parties

that the Orphans Court resolve the constructive trust issue.  The Orphans Court

necessarily can resolve the constructive trust dispute more expeditiously than

can this Court given that the Orphans Court already has a complete record upon

which to rule while this Court presently has no record whatsoever upon which to

rule.  The Orphans Court has such a complete record because a trial has already

been completed in the Orphans Court, which means that no new evidence on the

constructive trust issue should now be permitted; thus, all that is left is, as

Smithfield points out, brief oral argument and then a decision by the Orphans

Court.  The Court concludes that it is eminently more fair to the parties that the

Orphans Court resolve the constructive trust issue because, for this Court to

resolve such issue, it will need to hold a trial so as to develop a record upon

which to rule, which trial prejudices that party who wishes to rely on the trial

record that has already been developed in the Orphans Court; as well, the Court

16

cannot identify any reason why either side should essentially obtain a "do-over"

of the trial that has already been held in the Orphans Court.

## CONCLUSION

For all of the foregoing reasons, the Court (a) holds that the constructive

trust that Smithfield seeks to obtain upon the Debtor's Residence will not, if so

obtained, be avoidable in bankruptcy, either as a preference or otherwise, (b)

shall accordingly enter judgment in Smithfield's favor and against the Debtor in

Adversary No. 09-2140, and (c) shall grant to Smithfield relief from the automatic

stay (Doc. No. 25) so that Smithfield can return to the Orphans Court to pursue

its constructive trust claim or, more accurately, so that Smithfield can have the

Orphans Court finally rule on the Exception, whereby Smithfield seeks to have

the November 10, 2008 Orphans Court Order amended so that it will include the

imposition of the constructive trust that is sought by Smithfield.

**BY THE COURT**


 **/s/**
**M. BRUCE McCULLOUGH,**
**U.S. Bankruptcy Judge**

**DATED:        August 27, 2009**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **KATHLEEN T. PITCHFORD,** | : | **Bankruptcy No. 08-28221-MBM** |
| Debtor. | : | **Chapter 7** |
| .......................................................... | :............................................................................. | |
| **Smithfield Trust Company,** | : | |
| Movant, | : | |
| | : | |
| v. | : | **Related to Doc. No. 25** |
| | : | |
| **Kathleen T. Pitchford,** | : | |
| Respondent. | : | |
| .......................................................... | :............................................................................. | |
| **Kathleen T. Pitchford,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Adversary No. 09-2140-MBM** |
| | : | |
| **Smithfield Trust Company**, | : | |
| Defendant. | : | |

## <u>ORDER OF COURT</u>

**AND NOW,** this **27th day** of **August, 2009**, for the reasons, and utilizing

the nomenclature, set forth in the accompanying Memorandum Opinion of the

same date; and subsequent to notice and hearings on the matters that were held

on March 10, 2009, March 24, 2009, and May 28, 2009, it is **hereby ORDERED,**

**ADJUDGED, AND DECREED** that:

(a)     the constructive trust that Smithfield seeks to obtain upon the Debtor's

Residence will not, if so obtained, be avoidable in bankruptcy, either as a

preference or otherwise;

(b)     **judgment** is accordingly **ENTERED** in Smithfield's favor and against the

Debtor in **Adversary No. 09-2140**; and

(c)    **relief from the automatic stay (Doc. No. 25)** is **GRANTED** to Smithfield

so that Smithfield can return to the Orphans Court to pursue its

constructive trust claim or, more accurately, so that Smithfield can have

the Orphans Court finally rule on the Exception, whereby Smithfield seeks

to have the November 10, 2008 Orphans Court Order amended so that it

will include the imposition of the constructive trust that is sought by

Smithfield.

**BY THE COURT**

**/s/**_____

**M. BRUCE McCULLOUGH,**
**U.S. Bankruptcy Judge**

cm:    E.J. Strassburger, Esq.
Four Gateway Center
444 Liberty Avenue
Suite 2200
Pittsburgh, PA 15222

Michael J. Henny, Esq.
600 Allegheny Building
429 Forbes  Avenue
Pittsburgh, PA 15219

Robert Shearer, Esq.
4536 Melwood Road
Leechburg, PA 15656

U.S. Trustee's Office
Liberty Center
1001 Liberty Avenue
Pittsburgh, PA 15222

2